UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22711-Civ-LENARD
MAGISTRATE JUDGE P.A. WHITE

MATTHEW A. DAYES,                    :

        Petitioner,                  :

v.                                   :        REPORT OF
                                              MAGISTRATE JUDGE
WALTER A. McNEIL,                    :

        Respondent.                  :
_____

        Matthew A. Dayes, a state prisoner confined at South Bay
Correctional Facility in South Bay, Florida, has filed a pro se
petition for writ of habeas corpus pursuant to 28 U.S.C. §2254
attacking the lawfulness of his conviction entered in Case No. 00-
05319 in the Circuit Court of the Eleventh Judicial Circuit of
Florida, at Miami-Dade County.

        This Cause has been referred to the undersigned for
consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and
Rules 8 and 10 of the Rules Governing Section 2254 Cases in the
United States District Courts.

        For its consideration of the petition with supporting
memorandum of law and Appendix, the Court has the petitioner's
response to an order regarding the limitations period, the
respondent's response to an order to show cause with multiple
exhibits, and the petitioner's reply.

        Dayes raises the following grounds for relief:

        1.    The trial court improperly failed to grant his motion
              for judgment not withstanding the verdict and adjudicate

him guilty of the lesser offense of simple battery based upon the jury's inconsistent verdict.

2.    He received ineffective assistance of trial counsel, because his lawyer failed to request an independent act instruction.

3.    He received ineffective assistance of trial counsel, because his lawyer failed to request a jury instruction on simple battery, as a lesser included offense of the crime charged in Count 2.

The pertinent procedural history of this case is as follows. Dayes was charged by amended information with second degree murder for the killing of Nedly Leandre (Count 1) and attempted second degree murder with a weapon of the attempted killing of Jean Toussaint (Count 2). (Record on Appeal at 12-6)(DE# 15). He was also charged as a principle for each count. Id. The case proceeded to trial before a jury where Dayes was found not guilty of the offense charged in Count 1 and guilty of aggravated battery without a firearm, a lesser included offense of the crime charged in Count 2. Id. at 420-21. Dayes filed a Motion for Judgment Notwithstanding the Verdict, seeking a reduction of the charge to simple battery on the basis that the jury's verdict was inconsistent. Id. at 428-30. The motion was denied, and Dayes was adjudicated guilty of the offense of aggravated battery. Id. at 438. The trial court sentenced Dayes to a term of imprisonment of twelve years followed by a three-year term of probation. Id. at 440-41. A judgment of acquittal was entered as to the second degree murder offense charged in Count 1. Id. at 437.

Dayes prosecuted a direct appeal from his conviction and sentence, raising the following sole claim: "The trial court erred in denying the defense motion for judgment notwithstanding the verdict. The court should have entered an order reducing the jury verdict from aggravated battery to simple battery." (DE# 15; Ex.

2

A). In a *per curiam* written opinion, the Florida Third District Court of Appeal affirmed the conviction and sentence. <u>Dayes v. State</u>, 869 So.2d 58 (Fla. 3 DCA 2004). Dayes' challenge to the representation received by appellate counsel during the direct appeal proceeding was denied on the merits by the appellate court without explanation. (DE# 15; Ex. C, D, E). <u>See also</u> <u>Dayes v. Crosby</u>, 882 So.2d 391 (Fla. 3 DCA 2004)(table).

Days also filed in the trial court a <u>pro</u> <u>se</u> motion for postconviction relief pursuant to <u>Fla.R.Crim.P</u>. 3.850, subsequently amended, raising the two grounds of ineffective assistance of trial counsel presented in this federal petition. (DE# 15; Ex. J). Finding that Dayes' claims were meritless pursuant to the standard established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the trial court summarily denied the motion. (DE# 15; Ex. J, K). Dayes appealed the trial court's ruling denying him postconviction relief. (DE# 15; Ex. L). The Florida Fourth District Court of Appeal *per curiam* affirmed the ruling in a decision without written opinion; <u>Dayes v. State</u>, 984 So.2d 1259 (Fla. 3 DCA 2008)(table), and denied Dayes' motion for rehearing. (DE# 15; Ex. M, N).

Shortly after the conclusion of all state court proceedings, Dayes came to this Court, filing the instant <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to §2254. The respondent rightfully does not challenge the timeliness of this petition. <u>See</u> 28 U.S.C. §2244(d). The respondent further concedes that the claims of the instant petition have been properly exhausted and are not subject to any procedural bar. <u>See</u> 28 U.S.C. §2254(b)(1) and (b)(1)(A)(A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the remedies

available in the courts of the State....").[1] <u>See also</u> <u>Bailey v.</u> <u>Nagle</u>, 172 F.3d 1299, 1302-03 (11 Cir. 1999).[2] The respondent asserts, however, that Petitioner is not entitled to review on the merits of claim one, because the claim is not cognizable in this federal habeas corpus proceeding. This Court rejects the respondent's argument and the claim will be addressed on the merits below.

Petitioner filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA law, therefore, governs this action. <u>Abdul-Kabir v.</u> <u>Quarterman</u>, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). It is important to recognize just how limited is this Court's review in a habeas proceeding. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L .No. 104-132,

---

[1]An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999); <u>Richardson v. Procunier</u>, 762 F.2d 429, 430 (5 Cir. 1985); <u>Carter v. Estelle</u>, 677 F.2d 427, 443 (5 Cir. 1982), <u>cert.</u> <u>denied</u>, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." <u>Picard v. Connor</u>, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; <u>Leonard v. Wainwright</u>, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. <u>See</u> <u>Caraballo v. State</u>, 805 So.2d 882 (Fla. 2 DCA 2001). In Florida, a claim of ineffective assistance of trial counsel cannot be raised on direct appeal and must be raised pursuant to Rule 3.850. <u>McClain v. State</u>, 629 So.2d 320 (Fla. 1 DCA 1993); <u>Loren v. State</u>, 601 So.2d 271 (Fla. 1 DCA 1992).

[2]A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11 Cir. 1999).

110 Stat. 1214 (1996), provides that a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

As the United States Supreme Court explained in Williams v. Taylor, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In deciding whether a state court ruling involved an "unreasonable application" of federal law, this Court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, this Court may issue a writ of habeas corpus only if the state court's application of clearly-established federal law was objectively unreasonable. See id. at 409-11. See also Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1418 (2009).

The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412, 120 S.Ct. at 1523 (majority opinion by O'Connor, J.). Further, "a state court's

decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(*quoting* Early v. Packer, 537 U.S. 3, 7-8 (2002). Moreover, findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11 Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2053 (2008).

The pertinent facts of this case as aptly summarized by the trial court in the postconviction proceeding are as follow:[3]

> The victims, Jean Toussaint and his friend, Nedley Leandre, the deceased, walked outside of a store. While leaving the store, they encountered the Defendant, Matthew Dayes, and co-felon Jamal Hayes. Jamal Hayes called Nedley Leandre a "dumb ass Haitian." Jamal Hayes showed Nedley Leandre a gun in his pocket in front of the store and Toussaint told Nedley to keep walking. Toussaint headed home with Nedley and a car pulled up next to him. Both [Dayes] and co-felon, Jamal Hayes, were in the car, which [Dayes] was driving. Subsequent to being arrested, [Dayes] gave a statement to Detective Brett Nichols, in which he admitted being at the scene and said that Jamal Hayes coerced him to confront Nedley and that he did so with a firearm and even hit Nedley across the head with it two times and as he hit Nedley a second time, the gun discharged and hit Nedley's head. Dayes told Detective Nichols that he ran back to the car and Jamal took the gun and fired several shots and that Jamal shot Mr. Toussaint. (record reference omitted).

(Amended Order on Defendant's Motion and Amended Motion for Post Conviction Relief at 1-2)(DE# 15; Ex. K).

---

[3]For a more detailed recitation of the evidence admitted at trial with citations to the trial transcript, see the briefs filed in the direct appeal proceeding. See Initial Brief of Appellant at 4-5; Brief of Appellee at 1-7. (DE# 15; Ex. A, B). See also Trial Transcript. (DE# 15).

6

Dayes claims in ground one that the trial court improperly failed to grant his motion for judgment not withstanding the verdict and adjudicate him guilty of the lesser offense of simple battery. Specifically, he alleges that when the jury found that he was guilty of the lesser included offense of the crime charged in Count 2 without using a firearm, an essential element of the crime of aggravated battery was negated, requiring a reduction by the trial court of the offense to simple battery pursuant to <u>Fla Stat</u>. §924.34 (West 1999).

The relevant portion of the jury verdict form in this case stated as follows:



We, the jury find, as to Count II

_____ Guilty of Attempted Second Degree Murder

 _____ Using a firearm

 _____ Not using a firearm

_____ Guilty of Attempted Voluntary Manslaughter

 _____ Using a firearm

 _____ Not using a firearm

√_____ Guilty of Aggravated Battery as a lesser included offense

_____ Using a firearm

√_____ Not using a firearm

_____ Not guilty

(Verdict)(Record on Direct Appeal at 421).

The identical claim was raised and rejected on direct appeal with the Florida appellate court stating in pertinent part as

7

follows in its written opinion, affirming the aggravated battery conviction:

> In instructing on this lesser included offense, the trial court gave the instruction on the "deadly weapon" part of the aggravated battery statute. The relevant part of the statute provides that "[a] person commits aggravated battery who, in committing battery ... [u]ses a deadly weapon." §784.045(1)(a)2., Fla. Stat. (1999).FN1 The trial court went on to give the "principal" instruction, informing the jury that it could convict if the defendant helped another person to commit the crime. TR. 832; *see* §777.011, Fla. Stat. (1999); Fla. Std. Jury Instr. (Crim.) 3.01.

> > FN1. The crime date was February 15, 2000.

> In the present case the evidence was that [Dayes] drove the codefendant to the encounter with the victims.FN2 There was evidence that [Dayes] handed a handgun to the codefendant, who shot (but did not kill) victim Toussaint. The jury could conclude that [Dayes] gave assistance to the codefendant in shooting the victim, by driving the codefendant to the encounter and handing him the gun. It follows that the evidence amply supports the conviction of this defendant as a principal in the crime of aggravated battery.

> > FN2. [Dayes] and codefendant were charged in another count with the murder of another victim, but [Dayes] was acquitted of that count.

> [Dayes] argues that this is inconsistent with, and negated by, the jury finding that he was guilty of aggravated battery "[n]ot using a firearm." [Dayes] is incorrect.

> The purpose of the "Using a firearm" and "Not using a firearm" interrogatories is to determine whether [Dayes] **personally** possessed a firearm so as to require the mandatory minimum term of imprisonment under the Ten-Twenty-Life law. See §775.087(2)(a) 1., Fla. Stat. (1999). The requirement for an interrogatory verdict for purposes of a mandatory minimum term of imprisonment is set forth in *State v. Overfelt*, 457 So.2d 1385 (Fla.1984). *See also State v. Tripp*, 642 So.2d 728, 730 (Fla.1994).

> Thus, there is no inconsistency. By its verdict the jury found that [Dayes] had assisted the shooter by handing him the weapon. However, the jury concluded that [Dayes] did not personally use the firearm during the actual shooting.

8

> The trial court properly imposed judgment and sentence for the crime of aggravated battery, without a firearm mandatory minimum.

(emphasis supplied). Dayes, 869 So.2d at 58-9.

Thus, for the reasons stated by the Florida appellate court in its well-reasoned opinion, the verdict in this case was lawful based upon the evidence admitted at trial. Moreover, even if the verdict could in someway be deemed internally inconsistent, any such inconsistency does not render the verdict unlawful, warranting federal habeas corpus relief. Inconsistent jury verdicts are permitted in Florida "because they can be the result of jury lenity, and therefore do not always speak to the guilt or innocence of the defendant."[4] Gonzalez, 841 So.2d 651 n.1, 651-52, citing, State v. Connelly, 748 So.2d 248, 252 (Fla. 1999); Fayson v. State, 698 So.2d 825, 826-27 (Fla. 1997). Similarly, the federal courts have held that the rendering of inconsistent verdicts has always been an exclusive privilege and prerogative of the jury, and it is not the duty of the court to "unravel the ratiocinations of the jury's collective logic." Odom v. United States, 377 F.2d 853, 857 (5 Cir. 1967). Nor may a court speculate that a verdict may have been the result of compromise, mistake or even carelessness. United States v. Dotterweich, 320 U.S. 277, 279 (1943). "Juries may

---

[4]The one exception to the general rule allowing inconsistent verdicts is when they are "truly" inconsistent on legally interlocking charges, i.e. "those in which an acquittal on *one count* negates a necessary element for conviction on *another count*." Fayson v. State, 698 So.2d 825, 827 (Fla. 1997), *quoting* Gonzalez v. State, 440 So.2d 514 (Fla. 4 DCA 1983), *review dismissed*, 444 So.2d 417 (Fla. 1983)(emphasis added). See also State v. Powell, 674 So.2d 731 (Fla. 1996). In Florida, the courts have required consistent verdicts when the underlying felony was a part of the crime charged--without the underlying felony the charge could not stand. Powell, 674 So.2d at 733. The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges. Id. Florida courts have, however, not extended the "true" inconsistent verdict exception to verdicts that are merely factually inconsistent. See State v. Connelly, 748 So.2d 248 (Fla. 1999).

9

indulge in precisely such motives or vagaries." Id. Therefore, a
jury's inconsistent verdicts in a criminal case are not a basis for
reversal. See generally United States v. Wright, 63 F.3d 1067,
1073-74 (11 Cir. 1995). Here, under the facts of the instant case,
the jury's findings are not "truly" or legally interlocking
inconsistent verdicts requiring acquittal in Florida. Although
there was also testimony at trial, set forth in detail below, that
Dayes had possessed and shot a firearm, the aggravated battery
conviction can stand without a finding that Dayes personally used
a firearm. This is true in that the jury was properly instructed on
the theory of principals.

     Finally, to the extent Petitioner's claim is liberally
construed as including a claim of insufficiency of the evidence,
his claim is without merit. Taken in the light most favorable to
the state, the competent evidence admitted at trial and reasonable
inferences therefrom upon which the jury's verdict was based was
more than ample to have permitted a rational trier of fact to find
that Dayes committed the subject offense for which he was
convicted. See Jackson v. Virginia, 443 U.S. 307 (1979). As
properly determined by the state appellate court, by its verdict
the jury reasonably could have found that Dayes had assisted the
shooter by handing him the weapon and had not personally used the
firearm during the actual shooting. Dayes was charged as a
principal, the jury was properly instructed as to the substantive
offense, see Fla.Stat. §784.045 (West 1999),[5] and the jury was

_____

     [5]Fla.Stat. §784.045, aggravated battery, provides in pertinent part as
follows:

          (1)(a) A person commits aggravated battery who, in committing battery:
          1. Intentionally or knowingly causes great bodily harm, permanent disability, or
          permanent disfigurement; or
          2. Uses a deadly weapon.

given the instruction regarding principals pursuant to <u>Fla.Stat</u>. §777.011[6] and <u>Fla.Std.Jury Instr</u>. (Crim.) 3.01. <u>See</u> Trial Transcript at 823-32, 832.

Accordingly, the state appellate court's affirmance of Dayes' conviction on direct appeal and rejection of Dayes' challenge to his aggravated battery conviction on the identical claim raised in the instant petition does not conflict with clearly established federal law and the rejection is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d); <u>Williams v. Taylor</u>, <u>supra</u>.

Dayes also challenges his conviction and sentence on two grounds of ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result.[7] <u>Strickland</u>

---

[6]Florida law is clear that a person may be convicted of a criminal offense if he aided and abetted its principals. <u>See</u> <u>Fla. Stat</u>. §777.011 (aider or abettor may be convicted as principal even if not actually or constructively present at commission of offense); <u>Voto v. State</u>, 509 So.2d 1291, 1292-93 (Fla. 4 DCA 1987); <u>Ramirez v. State</u>, 371 So.2d 1063, 1065 (Fla. 3 DCA), <u>cert</u>. <u>denied</u>, 383 So.2d 1201 (Fla.1980). Thus, a person who participates in a crime is responsible for the acts of his accomplices, as long as the crime committed by the accomplice is within the participants' common design. <u>Parker v. State</u>, 458 So.2d 750 (Fla. 1984), <u>cert</u>. <u>denied</u>, 470 U.S. 1088 (1985). <u>See also</u> <u>Jacobs v State</u>, 396 So.2d 713, 717 (Fla. 1981)("One who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime.")

[7]When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." <u>Chandler v. United States</u>, 218 F.3d 1305 (11 Cir. 2000)(en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>Van Poyck v. Florida Dept. of Corrections</u>, 290 F.3d 1318, 1322 (11 Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), <u>quoting</u>, <u>Strickland v. Washington</u>, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11 Cir. 1994),

v. Washington, 466 U.S. 668 (1984). A habeas court's review of a
claim under the Strickland standard is "doubly deferential."
Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1418, 173
L.Ed.2d 251 (2009), citing, Yarborough v. Gentry, 540 U.S. 1, 5-6,
124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam). The relevant
question "is not whether a federal court believes the state court's
determination under the Strickland standard was incorrect but
whether that determination was unreasonable-a substantially higher
threshold." Id. (citations omitted). Finally, "because the
Strickland standard is a general standard, a state court has even
more latitude to reasonably determine that a defendant has not
satisfied that standard." Id.

     Dayes alleges in ground two that his lawyer improperly failed
to request an independent act instruction in defense against the
state's principal theory. This claim is meritless, as determined by
the state courts in the postconviction proceeding.

     While it is axiomatic that a defendant is entitled to have the
jury instructed on the law applicable to his theory of defense, an
instruction is not necessary where there is no evidence to support
it. In Florida, an independent act occurs when a person other than
the defendant commits or attempts to commit a crime, one, which the
defendant did not intend to occur, two, in which the defendant did
not participate, and, three, was outside of and not a reasonably
foreseeable consequence of the common design or unlawful act
contemplated by the defendant. Calabrese v. State, 886 So.2d 396,
398 (Fla. 1 DCA 2004). Where the defendant was a willing

---

and second-guessing of an attorney's performance is not permitted. White v.
Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start
presume effectiveness and should always avoid second-guessing with the benefit
of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). A claim
of ineffective assistance is a mixed question of law and fact. Strickland, 466
U.S. at 698.

participant in the charged crime and the crime resulted from forces which he set in motion, no independent act instruction is appropriate pursuant to Fla.Std.Jury Instr. (Crim.) 3.04(h). See Ray v. State, 755 So.2d 604, 608-09 (Fla. 2000).

Here, the evidence admitted at trial demonstrates that Dayes was an active participant in the attack upon the victims and, the shooting of victim Toussaint resulted from forces he set in motion. Detective Brett Nichols testified at trial that the day after the incident, Dayes admitted that he "accidentally" shot one victim when the gun discharged as he was striking the victim in the head with the gun. See Trial Transcript at 427-28. Dayes further told the detective that after the first victim had been shot, he ran back to his car. Id. Dayes stated that Jamal Hayes then grabbed the gun away from him and Hayes shot the second victim. Id. Detective Nichols testified that Dayes admitted responsibility for the death of the one victim, but maintained that he had nothing to do with the shooting of the second victim. Id. at 428. Victim Toussaint identified Dayes at trial as one of the two perpetrators, testifying that Dayes fired shots at both him and the deceased victim. Id.

Dayes attempted to discredit Toussaint's testimony and other evidence indicating that he was the shooter by calling three defense witnesses at trial. Detective Rosario testified that an eyewitness to the shooting, Frantz Verdieu, had told him that he recognized Jamal Hayes and that he did not recognize Dayes.[8] Id. at

---

[8]Verdieu had provided information to Detective Rosario during the investigation of a separate and subsequent crime where Verdieu had been the victim and the perpetrator was a friend of Hayes. See Offense Report. (Exhibit attached to Petitioner's Appendix to 2254 Petition). Verdieu had told the detective that Hayes was a suspect in an earlier shooting that he had witnessed. Id. It is noted that based upon the expected unavailability of Verdieu as a witness, trial counsel sought and was granted a continuance of the trial. See

706-08. Trial counsel, after consultation with Dayes, also called Verdieu as a defense witness.[9] Id. at 693-94, 711-35. Verdieu testified that he had witnessed the subject shooting and he had his wife telephone 911 to report the incident. Id. at 714-16. Verdieu testified that he spoke to the police about the incident and shortly thereafter spoke with Detective Rosario. Id. at 716-17. He was taken by Detective Rosario to a location for the purpose of identifying the shooter and at that time, after looking at two men, identified Hayes as the shooter and did not identify Dayes. Id. at 717-21. Verdieu testified that he was interviewed by Detective Nanny at the police station and during the interview, he was shown a picture of Hayes. Id. He again unequivocally identified Hayes as the shooter and told the detective that Dayes was not the shooter. Id. at 722-24. During cross-examination by the state, Verdieu admitted that he had not in fact witnessed the shooting itself, but had seen Hayes standing by the body after the shooting had occurred. Id. at 726-27. Verdieu testified that he had been mistaken and confused during his earlier conversations with the police and he was then certain that it was Dayes who had been the shooter, not Hayes. Id. at 727-29. He positively identified Dayes

---

Motion for Continuance with supporting Affidavit. (Record on Direct Appeal at 327-29, 333-34). Verdieu had refused to be served with a witness subpoena and initially refused to appear as a witness at trial out of fear for his safety, maintaining that he had been threatened by friends of Hayes. Id. Verdieu apparently intended to flee the country, returning to Haiti. Id. See also Motion to Perpetuate Testimony. (Record on Direct Appeal at 330-32). Based upon the anticipated unavailability of Verdieu as a witness, trial counsel attempted to admit the hearsay testimony of Detective Gilbert Rosario, but Verdieu ultimately voluntarily appeared as a defense witness. See Trial Transcript at 1-29, 215-22, 610-28, 711-34.

[9]Although the defense had believed that Verdieu's testimony would be favorable to the defense and completely exculpate Dayes, extensive in camera proceedings revealed otherwise in that Verdieu advised the court that he had earlier been mistaken and that Dayes was in fact the shooter. See Trial Transcript at 657-94. Counsel for the state and defense were so told and, after the court and trial counsel advised Dayes of the ramifications of calling Verdieu as a defense witness, Dayes persisted in his desire to call Verdieu as a witness. Id. at 693-94.

in the courtroom as the shooter. <u>Id</u>. at 729. Trial counsel pointed out during redirect examination that since the incident, Verdieu had been robbed by friends of Hayes, had been intimidated by associates of Hayes, and had been threatened by Hayes' friends if he were to testify. <u>Id</u>. at 731-34. In response, the state asked Verdieu: "Has anybody here asked you to change your testimony?" <u>Id</u>. at 732. He answered in the negative. <u>Id</u>. at 734. He was next asked, "Are you identifying Matthew Dayes today because you got robbed and you got threatened?" <u>Id</u>. Verdieu unhesitatingly answered, "No." <u>Id</u>.

As indicated herein, there was evidence admitted at trial that Dayes was the actual shooter. Even if he were not, he did not have to be the actual shooter for the jury to find him guilty. There was no evidence admitted at trial that Dayes was not a willing *participant* in this crime or that the shooting of Toussaint did not result from forces which Dayes alone or, in conjunction with Hayes, had set in motion. Consequently, the instruction would have been inappropriate considering the evidence that was introduced at trial by both the state and defense.

Thus, trial counsel's performance cannot be deemed ineffective for failing to seek such an instruction. <u>See</u> <u>Knowles v. Mirzayance</u>, ___ U.S. ___, 129 S.Ct. at 1421-22 (stating that Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success). <u>See also</u> <u>Chandler v. Moore</u>, 240 F.3d 907, 917 (11 Cir. 2001)(counsel is not ineffective for failing to raise a non-meritorious objection); <u>Card v. Dugger</u>, 911 F.2d 1494, 1520 (11 Cir. 1990). Further, it cannot be overlooked that due to the efforts of trial counsel, by way of persuasive argument and forceful cross-examination, Dayes was found not guilty of the particular offenses charged, both first degree felonies. He was

fully acquitted as to the second degree murder charged in Count 1. As to Count 2, he was found guilty of aggravated battery, a lesser included offense of the attempted second degree murder offense. The fact that he was not fully acquitted of both charges or found guilty of other possible applicable lesser offenses does not mean that trial counsel's performance was constitutionally ineffective, especially in light of the strong evidence against him in this case. See Strickland, supra.

Dayes alleges in ground three that he received ineffective assistance of trial counsel, because his lawyer improperly failed to request a jury instruction on simple battery, as a lesser included offense of attempted second degree murder, the crime charged in Count 2. It is first pointed out that the respondent's assertion that trial counsel requested the trial court to instruct the jury on the lesser offense of simple battery is erroneous.[10] Full and careful review of the record reveals otherwise. No such request was made. See Trial Transcript at 739-47, 843. Dayes is nonetheless not entitled to federal habeas corpus relief on this claim.

It is apparent that a request for a simple battery instruction would have conflicted with the defense presented that Dayes had no involvement whatever with the shooting of Toussaint. Trial counsel during passionate closing argument strenuously argued that there was no reliable evidence whatever that Dayes had been the shooter. See Trial Transcript at 782. The defense at trial was one of innocence and mistaken identification. Trial counsel forcefully challenged the credibility and reliability of the testimony from

---

[10]It appears that the state courts in the postconviction proceeding denied relief on ground three based upon this error. See Amended Order on Defendant's Motion and Amended Motion for Post Conviction Relief at 5-6.

the state witnesses, especially the testimony of victim Toussaint, attempting to demonstrate to the jury that Dayes had not been the shooter and that the shooter was instead Hayes. Id. at 782-810. Further, in support of this defense theory, Dayes called three witnesses. Id. at 587-605, 630-708, 711-35. Trial counsel's performance, therefore, cannot be deemed deficient for failing to request such an instruction in that it was a reasonable trial strategy under the circumstances of this case not to make such a request. See Strickland, supra.

Even if this Court were to find trial counsel's performance deficient for failing to request such an instruction, Dayes cannot satisfy the second prong of *Strickland*, prejudice. A person commits simple battery when he either "[a]ctually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person." Fla.Stat. §784.03(1)(a). The definition of aggravated battery recites the first prong of the battery definition and adds the element of causing great bodily harm, permanent disability, or permanent disfigurement. See Fla.Stat. §784.045(1)(a)1. A person also commits aggravated battery who, in committing battery uses a deadly weapon. See Fla.Stat. §784.045(1)(a)2. Even if the instruction had been requested, the trial court may not have granted such a request in that the instruction conflicted with the strong evidence admitted at trial. Toussaint testified that Dayes was in fact the shooter and defense witness Verdieu similarly testified. Id. at 271-72, 727-29. The evidence was uncontroverted that Toussaint suffered a gunshot wound, requiring medical attention at a hospital. See Trial Transcript at 263-71. Toussaint testified that he was permanently disfigured as a result of the gunshot which entered and exited his left hit. Id. at 270-71. He displayed his injury to the jury. Id. at 270. Thus, the evidence admitted at trial as set forth

throughout this report was clearly sufficient to support the jury's verdict that Dayes was guilty of the lesser offense of aggravated battery.

Moreover, as indicated above in connection with ground one, Dayes was properly charged as a principal. Even if the jury believed that Dayes was not the shooter, it is apparent from the verdict that, at the minimum, the jury found Dayes guilty as a principal. The jury's verdict of guilty of aggravated battery without a firearm supports such a finding that Dayes was criminally responsible for the great bodily harm and permanent disfigurement suffered by Toussaint. There is no reasonable probability that the jury here, which found every element of the subject lesser offense proved beyond a reasonable doubt, would have, given the opportunity, ignored its own findings of fact and the trial court's instructions on the law and found Dayes guilty of the even lesser included offense of simple battery.

It is also noted that the jury was instructed by the trial court that it must return a verdict for the highest offense proved beyond a reasonable doubt. See Trial Transcript at 840. It is generally presumed that jurors follow their instructions See, e.g., Richardson v. Marsh, 481 U.S. 200, 211 (1987). In this case, a finding of guilt of simple battery would not have been consistent with the evidence admitted at trial. The jury was also  instructed that it was free to find Dayes not guilty of any of the offenses if the state had failed to satisfy its burden of proof. See Trial Transcript at  832-34. The jury in fact followed that instruction as to Count 1, finding Dayes not guilty of the charged offense or any applicable lesser included offense.

18

Finally, Dayes has not undermined this Court's confidence in his conviction. In considering a claim of ineffective assistance of counsel based on failure to request a lesser-included offense instruction, the Eleventh Circuit Court of Appeals has held that the petitioner's:

> assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation--speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense. That speculation is insufficient to undermine our confidence in the outcome of his trial.

Harris v. Crosby, 151 Fed. Appx. 736, 738 (11 Cir. 2005). Like the Petitioner in *Harris*, Dayes' allegation that had the jury been instructed on the lesser-included offense of simple burglary, the outcome of the trial would have been different, is not sufficient to demonstrate that a reasonable probability exists that the outcome of the trial would have been different. See also Balkissoon v. McDonough, 2008 WL 58952, 5 (M.D.Fla. 2008).

It is pure speculation the jury would have exercised its pardon power by returning a verdict for simple battery if it had been so instructed and provided such an option on the verdict form. As stated, the mere possibility of a jury pardon cannot form the basis for a finding of prejudice under *Strickland*. See Strickland v. Washington, 466 U.S. 668, 695 (1984)(stating that "[a]n assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like."); Harris v. Crosby, 151 Fed. Appx. 738. See also Sanders v. State, 946 So.2d 953, 959-960 (Fla. 2006)(rejecting claim of ineffective assistance of trial counsel for counsel's failure to request an instruction on

lesser-included offenses, stating that "[a]s the Court warned in
*Strickland*, a defendant has no entitlement to an aberrant jury-
"the luck of a lawless decisionmaker.")(*quoting*, *Strickland,* 466
U.S. at 695); <u>Johnson v. State</u>, 855 So. 2d 1157, 1160 (Fla. 4 DCA
2003)(finding that counsel's performance was not ineffective
pursuant to *Strickland* for failing to request a jury instruction on
a lesser included offense, stating that "although it is
"conceivable" that a jury in a given case might decline to follow
the law and grant a jury pardon, this does not seem to us a
reasonable probability."), <u>rev</u>. <u>denied</u>, 913 So. 2d 956 (Fla. 2005).

Thus, neither attorney error nor prejudice to the outcome has
been shown with regard to the jury instructions given and verdict
form used in this case in that the outcome of the trial would not
have been different even if the subject jury instruction had been
requested and given by the court. Trial counsel's performance was,
therefore, not constitutionally ineffective, as alleged in ground
three. <u>See</u> <u>Strickland</u>, <u>supra</u>.

In conclusion, the denial of postconviction relief by the
trial court on the identical grounds of ineffective assistance of
trial counsel raised here, which ruling was affirmed by the state
appellate court, was not in conflict with clearly established
federal law or based on an unreasonable determination of the facts
in light of the evidence presented in the state court proceedings.
Relief must therefore be denied pursuant to 28 U.S.C. §2254(d).[11]

---

[11]In the event that the state courts in the postconviction proceeding did
not address on the merits the exact constitutional claim raised in this federal
petition as ground three, the standard established by the AEDPA would not be
applicable, requiring a <u>de novo</u> review. <u>See</u> <u>Cone v. Bell</u>, ___ U.S. ___, 129 S.Ct.
1769, 1784 (2009), *citing*, <u>Rompilla v. Beard</u>, 545 U.S. 374, 390, 125 S.Ct. 2456,
162 L.Ed.2d 360 (2005)(de novo review where state courts did not reach prejudice
prong under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)); <u>Wiggins v. Smith</u>, 539
U.S. 510, 534, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (same). <u>See also</u> <u>Romine
v. Head</u>, 253 F.3d 1349, 1365 (11 Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1011 (2002).

See  Williams v. Taylor, 529 U.S. 362 (2000).   See also Knowles,
___U.S. ___, 129 S.Ct. at 1420.

For the foregoing reasons, it is recommended that this
petition for writ of habeas corpus relief be denied.

Objections to this report may be filed with the District
Judge within ten days of receipt of a copy of the report.

Signed this 26th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Matthew A. Dayes, Pro Se
     DC# M08880
     South Bay Correctional Facility
     600 U.S. Highway 27 South
     South Bay, FL 33493

     Jill D. Kramer, AAG
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131

_____

When conducting such review, Dayes is not entitled to federal habeas corpus
relief on his ineffective assistance of trial counsel claim in that the ground
is meritless for the reasons expressed herein.

21