UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22711-CIV-LENARD/WHITE

**MATTHEW A. DAYES,**

    Petitioner,

v.

**WALTER A. McNEIL,**

    Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE (D.E. 18) AND DENYING PETITION FOR WRIT OF
HABEAS CORPUS (D.E. 1)**

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Patrick A. White ("Report," D.E. 18), issued on August 26, 2009, recommending denial of Petitioner Matthew A. Dayes's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition," D.E. 1). Petitioner filed objections to the Report ("Objections," D.E. 19) on September 8, 2009. Based on a review of the Magistrate Judge's Report, the Objections, the Petition, and the record, the Court finds as follows.

    **I.**    **Background**

This case involves a *pro se* petition for writ of habeas corpus challenging Petitioner's conviction in state court. Petitioner was charged with second degree murder in the killing of Nedly Leandre (Count I) and attempted second degree murder with a weapon in the attempted killing of Jean Toussaint (Count II). A jury found Petitioner not guilty as to Count

I and guilty of aggravated battery without a firearm, a lesser included offense of the offense charged in Count II.  In his Petition, Petitioner argues: (1) the trial court improperly failed to grant his motion for judgment notwithstanding the verdict and adjudicate him guilty of the lesser included offense of simple battery based upon the jury's inconsistent verdict; (2) his trial counsel was ineffective in failing to request an "independent act" jury instruction; and (3) his trial counsel was ineffective in failing to request a jury instruction on simple battery, as a lesser included offense of the offense charged in Count II.

The Magistrate Judge's Report recommends denial on the merits.[1]  First, the Report finds that even if the jury verdict could be considered internally inconsistent, habeas relief is unwarranted as inconsistent verdicts are permissible.  (Report at 9.)  The state appellate court found the verdict was not inconsistent and reasoned the jury could find Petitioner assisted his co-defendant in the shooting but did not personally use a firearm during the shooting.  The state court found ample evidence that Petitioner acted as a principal in committing the offense by driving the co-defendant to confront the victims and handing Petitioner a firearm.  Finding the state appellate court's analysis of this claim well-reasoned, the Report concludes the verdict was not inconsistent. Additionally, the Report determines that to the extent Petitioner's claim is construed as attacking the sufficiency of the evidence, this claim is without merit in light of the evidence presented at trial.  (Id. at 10.)  Next, the Report finds meritless Petitioner's claim of ineffective assistance of counsel with regard to

---

[1]     Respondent concedes the Petition is timely, properly exhausted, and not otherwise procedurally barred.  (See Report at 3.)

the failure to request an "independent act" instruction. (Id. at 12.) Finding there was "no evidence admitted at trial that Dayes was not a willing participant in this crime or that the shooting of Toussaint did not result from forces which Dayes alone or, in conjunction with Hayes, had set in motion," the Magistrate Judge determined there was no evidence to support such an instruction. (Id. at 15.) Finally, the Report finds Petitioner's third claim, that trial counsel was ineffective for failing to request a jury instruction on simple battery, also without merit. (Id. at 16.) The Report finds that although the state appellate court denied habeas relief based on the erroneous belief that trial counsel requested a simple battery instruction (when in fact the record reflects that he did not), Petitioner's claim fail under a *de novo* review. The Magistrate Judge found that a simple battery instruction would have conflicted with Petitioner's defense strategy premised on innocence and mistaken identification. (Id.) The Magistrate Judge further found that even if counsel was deficient in failing to request the instruction, Petitioner did not suffer prejudice as the trial court may not have granted the request in light of the evidence presented at trial. (Id. at 17.) The Magistrate Judge concluded that the failure to request the instruction did not undermine its confidence in the trial.

Construing Petitioner's objections liberally, Petitioner first objects that the Magistrate Judge erred in accepting certain of the state court's findings. Specifically, Petitioner objects that there was no evidence at trial that he handed the gun to Hayes. Petitioner claims the evidence presented at trial demonstrated that Hayes grabbed the gun from him. (Objections

3

at 3.) As such, Petitioner objects that the jury's verdict was inconsistent in that it found him guilty of aggravated battery, but also found he did not possess a firearm. (Id. at 3-5.) Next, Petitioner objects to the Report on the grounds that evidence presented at trial would have supported an independent act instruction. (Id. at 5-6.) Petitioner argues the spontaneity of the crime, and evidence that Hayes initiated the conflict, would have supported the instruction. (Id.) Finally, as to his third claim, Petitioner argues that it is not speculation to conclude the jury convicted him of aggravated battery because it lacked the alternative of simple battery. (Id. at 8.) Petitioner also appears to request an evidentiary hearing with regard to the Magistrate Judge's findings that trial counsel's failure to request an instruction on simple battery was strategic. (Id. at 7.)

## II.    Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), greatly limits the ability of federal courts to review state court convictions. Pursuant to 28 U.S.C. § 2254(d), a federal court may not grant an application for a writ of habeas corpus on behalf of a person held in custody pursuant to a claim adjudicated on the merits in a state court unless the state court's adjudication of the claim, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Regarding the first prong, "[a] state court decision is 'contrary to' clearly

established federal law where the state court either applied a rule in contradiction to governing Supreme Court case law or arrived at a result divergent from Supreme Court precedent despite materially indistinguishable facts." Hannon v. Dept. of Corr., 562 F.3d 1146, 1150 (11th Cir. 2009) (citing Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006)). A federal court may also grant relief "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). In addition, findings of fact made by the state court are presumed correct and may only be rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007).

### III. Discussion

#### A. Inconsistent Jury Verdict

Inconsistent jury verdicts are permissible because they can be the result of jury lenity or compromise. See United States v. Powell, 469 U.S. 57, 63-65 (1984); United States v. Wright, 63 F.3d 1067, 1073-74 (11th Cir. 1995); Gonzalez v. State, 841 So.2d 650, 651 n.1 (Fla. 3d DCA 2003) (citing State v. Connelly, 748 So.2d 248, 252 (Fla. 1999)). The only exception exists where a verdict is "truly inconsistent on legally interlocking charges,"or in other words, "those in which an acquittal on one count negates a necessary element for conviction on another count." Gonzalez, 841 So.2d at 651 n.1 (citing Fayson v. State, 698 So.2d 825, 826-27 (Fla. 1997)). "The rendering of inconsistent verdicts has always been an

exclusive privilege and prerogative of the jury, and it is not [the Court's] duty to unravel the ratiocinations of the jury's collective logic." Odom v. United States, 377 F.2d 853, 857 (5th Cir. 1967).[2]

The Court adopts the findings of the Magistrate Judge. The state court's decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Nor was it based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. As the state appellate court found, the jury's verdict was not internally inconsistent. Sufficient evidence was presented at trial for the jury to find Petitioner guilty of aggravated battery as evidence was presented that he aided and abetted the aggravated assault but did not personally use the firearm in the shooting. Additionally, even if the jury verdict was inconsistent, the state court's findings do not constitute an unreasonable application of federal law as Petitioner cannot argue the verdict was "truly" inconsistent on interlocking counts. As such, Petitioner's first claim for habeas relief is denied on the merits.

### B. Ineffective Assistance of Counsel

The standard for evaluating claims of ineffective assistance of counsel is the familiar two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), that "[f]irst, the defendant must show that counsel's performance was deficient . . . . Second, the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

6

defendant must show that the deficient performance prejudiced the defense." In evaluating whether counsel's performance was deficient, a strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689-90. Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. In order to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. Id.

### 1. Failure to request independent act instruction

In Florida, an independent act instruction may be appropriate where a person other than the defendant commits or attempts to commit a crime, (1) which the defendant did not intend to occur, (2) in which the defendant did not participate, and (3) was outside of and not a reasonably foreseeable consequence of the common design or unlawful act contemplated by the defendant. (See Report at 12; Calabrese v. State, 886 So.2d 396, 398 (Fla. 1st DCA 2004).) An "independent act" instruction is inappropriate where the defendant was a willing participant and set in motion the forces resulting in the charged offense. Ray v. State, 755 So.2d 604, 609 (Fla. 2000).

The Court adopts the findings of the Magistrate Judge. The state court's denial of Petitioner's ineffective assistance of counsel claim was not contrary to federal law, nor an

7

unreasonable determination of the facts. Petitioner contends the Magistrate Judge overlooked evidence in the record, such as the spontaneity of the offense and evidence that Hayes initiated the confrontation, in determining that the evidence did not support an independent act instruction. On the contrary, the Report thoroughly evaluated the factual evidence presented at the state proceeding and determined there was no evidence that Petitioner was not a willing participant in the crime or that the shooting of Toussaint did not result from forces he set in motion. There was evidence presented at trial that Petitioner was the actual shooter. There was also evidence presented at trial that Petitioner drove the car to find the victims after the initial altercation. There is also evidence in the form of Petitioner's statement to police detectives that he accidentally shot the first victim and ran back into the car, whereupon Hayes grabbed the gun and shot the second victim. Therefore, the Court agrees with the Report's findings that counsel's performance was not deficient and Petitioner's ineffective assistance of counsel claim based on the failure to request an independent act instruction fails on the merits.

### 2.     Failure to request simple battery instruction

As an initial matter, the Court reviews *de novo* Petitioner's claim of ineffective assistance of counsel based on the failure to request a simple battery jury instruction, as a result of the state court's apparently erroneous conclusion that trial counsel requested such an instruction but such request was denied. (See Report at 16 n.10 ("It appears that the state courts in the postconviction proceeding denied relief on ground three based upon this error"); D.E. 15, Ex. K, Amended Order on Defendant's Motion and Amended Motion for Post

Conviction Relief at 5-6 ("In regards to the Defendant's third issue of counsel's failure to request a lesser of simple battery, this court finds this issue to be conclusively refuted on the record. When Defendant originally appealed the conviction, he admitted that his attorney did in fact request the court instruct the jury on simple battery as a lesser included offense, which was denied.") After reviewing the record, the Magistrate Judge determined that trial counsel in fact did not request a simple battery instruction. As the state courts did not address on the merits Petitioner's third claim, the Court must now do so based upon a *de novo* review. See Cone v. Bell, 129 S.Ct. 1769, 1784 (2009); Romine v. Head, 253 F.3d 1349, 1365 (11th Cir. 2001), cert. denied, 535 U.S. 1011 (2002).

Petitioner's third claim is denied on the merits as Petitioner cannot demonstrate counsel was deficient in failing to request the simple battery instruction. In evaluating counsel's failure to request the instruction, the Court recognizes the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. As the Report notes, a simple battery instruction would have conflicted with Petitioner's defense strategy of innocence and mistaken identity. (Report at 16.)

Petitioner also cannot demonstrate that the result of the proceedings would have been any different had counsel requested a simple battery instruction. Petitioner's objection that he would have been convicted of the lesser included offense of simple battery is pure speculation and does not undermine the Court's confidence in the outcome of his criminal proceeding. See Harris v. Crosby, 151 Fed. Appx. 736, 738 (11th Cir. 2005); Balkissoon v.

McDonough, 2008 WL 58952 (M.D. Fla. 2008). First, even if trial counsel had requested a simple battery instruction, there is no guarantee the court would have granted one where there was evidence that Petitioner was the shooter and great bodily harm was inflicted. The evidence presented at trial simply did not support a simple battery instruction. Florida statutes define simple battery as when an individual "[a]ctually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person." FLA. STAT. § 784.03(1)(a). The definition of aggravated battery includes the additional requirement that the individual cause great bodily harm, permanent disability, or permanent disfigurement or use a deadly weapon. See FLA. STAT. § 784.045(1)(a). The evidence at trial was that Toussaint suffered a gunshot wound and Toussaint in fact testified he was permanently disfigured and displayed his injury to the jury. (Report at 17.) Second, the jury was instructed it must return a verdict for the highest offense proved beyond a reasonable doubt. The presumption is that jurors follow the court's instructions. Richardson v. Marsh, 481 U.S. 200, 211 (1987). Thus, after a *de novo* review of Petitioner's third claim, the Court finds trial counsel was not ineffective in failing to request a simple battery instruction and Petitioner is not entitled to habeas relief. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

    **1.**    Consistent with this Order, the Report and Recommendation of Magistrate Judge Patrick A. White (D.E. 18), issued on August 26, 2009, is **ADOPTED**;

    **2.**    Petitioner's Petition for Writ of Habeas Corpus (D.E. 1), is **DENIED** on the

merits;

**3.**     This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of May, 2010.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**